UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOAN BEAUDOIN, | | CA 06 320T |
| Plaintiff/Complainant | ) | C.A.No: ____________ |
| | ) | |
| v. | ) | |
| | ) | EEOC Case No: |
| R. JAMES NICHOLSON, | ) | 160-2005-00304X |
| Secretary of Veterans Affairs, | ) | Agency No. |
| Department of Veterans Affairs, | ) | 200G-0650-2004-102405 |
| Defendant/Agency | ) | |

APPEAL OF AGENCY'S FINAL ORDER

I. INTRODUCTION

1. This appeal stems from Plaintiff/Complainant, JOAN BEAUDOIN [hereinafter "Mrs. Beaudoin"]'s, complaint for sexual harassment, subjecting her to a hostile work environment based on her sex and prior protected activity. Mrs. Beaudoin files this civil action appealing Defendant/Agency, R. JAMES NICHOLSON, Secretary of Veterans Affairs, Department of Veterans Affairs, [hereinafter "Agency"], final

order implementing the decision promulgated by the Equal Employment Opportunity Commission, [hereinafter, "EEOC"] entering judgment in the above-subject matter in favor of the Agency.

## II. PARTIES

2. At all times relevant to this cause of action, Mrs. Beaudoin was an American citizen, a resident of the City of Providence, State of Rhode Island and was employed by the Agency's operational facility, the VA Medical Center, located at Providence, Rhode Island.

3. At all times relevant to this cause of action, the Agency operates as a federal entity, under the direction and control of the executive branch of the United States of America which provides medical treatment services to disabled and/or retired military personnel as a medical treatment center. The VA Medical Center is located at the City of Providence, State of Rhode Island.

## III. LEGAL BASIS FOR APPEAL

4. The basis for Mrs. Beaudoin's appeal rests on Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. section 1983, and 2000 et seq., and the Equal Opportunity Act of 1972, as amended, 42 U.S.C. section 2000 et seq. In addition, Mrs. Beaudoin relies on the incorporation of these civil rights protections by the State of Rhode Island based on the Rhode Island Civil Rights Act.

## IV. FACTS AND CIRCUMSTANCES

5. Mrs. Beaudoin was a long-term, exemplary employee with the VA Medical Center in Providence Rhode Island. In the course of her employment she was promoted to the supervisory position of Chief Technician, She was the only female supervisor within this department.

6. The VA Medical Center employed Mehrdad Khatib [hereinafter "Mr. Khatib"] as the Administrative Officer for Diagnostic Imaging Services. In this position, he was assigned the duties and responsibilities to directly supervise Mrs. Beaudoin and did so for a period of approximately ten months.

7. During this period of time, Mr. Khatib engaged in a series of intentional and concerted acts and/or omissions that created a hostile work environment including, but not limited to, yelling, misrepresenting berating, embarrassing, threatening and intimidating Mrs. Beaudoin while in the performance of her duties at the VA Medical Center solely based on her status as a member of a protected class.

I.

VIOLATION OF TITLE VII, et al

8. Mrs. Beaudoin hereby incorporates by reference he averments set forth above as if they were presented here.

9. Mrs. Beaudoin is a female, at all times relevant to this cause of action, a female supervisor and, as such, a member of a protected class under Title VII.

10. During a period from September 2003 through July 2004, Mr. Khatib engaged in a series of acts and/or omissions that adversely affected Mrs. Beaudoin based solely based on her status as a female supervisor working under his direction.

11. On various occasions relevant to this cause of action, Mr. Khatib adversely treated Mrs. Beaudoin in a threatening and intimidating manner including, but not limited to yelling at her, slamming books and documents at her in the presence of her superiors and subordinates.

12. On various occasions relevant to this cause of action, Mr. Khatib adversely treated Mrs. Beaudoin before her superiors and subordinates by arbitrarily changing her work assignments and responsibilities, forwarded derogatory, misleading and unfounded communications regarding her job performance to Mrs. Beaudoin's supervisors.

13. Mr. Khatib's acts and/or omissions adversely affected the terms and conditions of Mrs. Beaudoin's work environment to such an extent that she was harmed.

14. Mrs. Beaudoin was, at all times relevant to this cause of action, the only supervisor within this protected class that came under the supervision of Mr. Khatib and, as such, received disparate treatment from the other supervisors and subordinates under Mr. Khatib who were not members of the same protected class.

*Wherefore,* Mrs. Beaudoin respectfully requests judgment in her favor and damages in the nature of compensatory and punitive damages, attorney's fees, costs and expenses associated with the prosecution of this cause of action, statutory interest and all other relief this honorable Court deems warranted.

II.

VIOLATION OF TITLE VII, et al

15. Mrs. Beaudoin hereby incorporates by reference he averments set forth above as if they were presented here.

16. Mrs. Beaudoin is a female, at all times relevant to this cause of action, a female supervisor and, as such, a member of a protected class under Title VII.

17. During a period from September 2003 through July 2004, Mrs. Beaudoin filed a complaint against Mr. Khatib for acts and/or omissions committed by him during the time he supervised her at the VA Medical Center.

18. Mrs. Beaudoin's complaint was of the nature of a protected activity under the aegis of Title VII. The Agency was well-aware that this was a protected activity.

19. Mr. Khatib knew that Mrs. Beaudoin had filed a complaint against him in that he was informed by the VA Medical Center who conducted their investigation into Mrs. Beau don's allegations. Mr. Khatib's reaction to this protected activity was well-known and included, but was not limited to, his allegations that Mrs. Beaudoin engaged in criminal activity, was insubordinate, was derelict in her duties, questioned her integrity and arbitrarily assigned her tasks and responsibilities outside her normal job description and responsibilities.

20. Mr. Khatib's acts and/or omissions adversely affected the terms and conditions of Mrs. Beaudoin's work environment in response to Mrs. Beaudoin's complaint to such an extent that she was harmed.

21. Mrs. Beaudoin was, at all times relevant to this cause of action, the only supervisor within this protected class that came under the supervision of Mr. Khatib and, as such, received disparate treatment from the other supervisors and subordinates under Mr. Khatib who were not members of the same protected class.

*Wherefore,* Mrs. Beaudoin respectfully requests judgment in her favor and damages in the nature of compensatory and punitive damages, attorney's fees, costs and expenses associated with the prosecution of this cause of action, statutory interest and all other relief this honorable Court deems warranted.

III.

VIOLATION OF TITLE VII, et al

22. Mrs. Beaudoin hereby incorporates by reference he averments set forth above as if they were presented here.

23. Mrs. Beaudoin is a female, at all times relevant to this cause of action, a female supervisor and, as such, a member of a protected class under Title VII.

24. During a period from September 2003 through July 2004, Mrs. Beaudoin filed a complaint against Mr. Khatib for acts and/or omissions committed by him during the time he supervised her at the VA Medical Center.

25. Mrs. Beaudoin was subject to a hostile work environment through acts and/or omissions by her supervisor Mr. Khatib that including, but was not limited to, his allegations that Mrs. Beaudoin engaged in criminal activity, was insubordinate, was derelict in her duties, questioned her integrity and arbitrarily assigned her tasks and responsibilities outside her normal job description and responsibilities, and berated her in public in front of her supervisors and subordinates.

26. Mr. Khatib's acts and/or omissions adversely affected the terms and conditions of Mrs. Beaudoin's work environment in a nature that was hostile and abusive that any reasonable person under the same or similar circumstances would find Mr. Khatib's acts and/or omissions hostile and abusive.

27. That the Agency knew or should have known, that Mr. Khatib's acts and/or omissions as a supervisor created a hostile and abusive working environment that led to harming Mrs. Beaudoin.

*Wherefore,* Mrs. Beaudoin respectfully requests judgment in her favor and damages in the nature of compensatory and punitive damages, attorney's fees, costs and expenses associated with the prosecution of this cause of action, statutory interest and all other relief this honorable Court deems warranted.

Respectfully submitted,

JOAN BEAUDOIN,

Plaintiff/Complainant

By her Attorney,

Steven John Coaty, Esq. (5719)

P.O. Box 1293

Newport, RI 02840-3353

Tel: 401.848.0876